**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

United States Courts
Southern District of Texas
FILED

*February 18, 2025*

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **SEAN D. MARTIN, TRUSTEE OF THE** | ) | |
| **SEAN DWAIN MARTIN LIVING TRUST,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No.: __4:25-cv-00767__ |
| | ) | |
| **KATY INDEPENDENT SCHOOL DISTRICT (KATY ISD) AND SUNDOWN ELEMENTARY,** | | |
| | | |
| Defendant | | |

---

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**Plaintiff, Sean D. Martin, Trustee of the Sean Dwain Martin Living Trust (Irrevocable) ("Trust")**, files this Complaint against **Katy Independent School District ("Katy ISD") and Sundown Elementary** (collectively, "Defendants") for violations of **Texas Penal Code § 32.45, Texas Property Code §§ 114.001, 114.031, 114.008, and Texas Penal Code § 42.01**, alleging as follows:

---

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1332(a)**, and the amount in controversy **exceeds $75,000**, exclusive of interest and costs.

2. Venue is proper in this Court under **28 U.S.C. § 1391** because the events giving rise to this claim occurred in **Harris County, Texas**, within the jurisdiction of the **Southern District of Texas**.

---

### II. PARTIES

1. **Plaintiff:**
   - **Sean D. Martin, Trustee of the Sean Dwain Martin Living Trust (Irrevocable)**, is an individual acting in his fiduciary capacity on behalf of the Trust.
2. **Defendants:**

- **Katy Independent School District ("Katy ISD")** is a public school district located in the State of Texas and may be served through its Superintendent at **6301 South Stadium Lane, Katy, TX 77494.**

- **Sundown Elementary** is an institution under the authority of Katy ISD and may be served through its principal at **20100 Saums Rd, Katy, TX 77449.**

## III. FACTUAL ALLEGATIONS

5. **The Sean Dwain Martin Living Trust** lawfully owns and manages assets for the benefit of its beneficiaries. One such trust asset is **Jayden Martin**.

6. On January 23, 2025, **Katy ISD and Sundown Elementary failed to properly safeguard and handle trust assets** by allowing an **unauthorized individual, Lesly Garcia**, to withdraw trust property **(Jayden Martin)** from school premises **without a contractual agreement or express authorization from the Trustee, Sean D. Martin**.

7. **Texas Penal Code § 32.45** prohibits the unauthorized use or misapplication of fiduciary property, especially where the property **exceeds the value of $30,000.00**. Defendants' actions in permitting an unauthorized third party to take possession of trust property violated this statute.

8. Upon notification of the mishandling of trust property, **Katy ISD and Sundown Elementary failed to take proper remedial actions to recover the trust asset or mitigate the damage** caused by their negligence and improper actions.

9. As a result of **Defendants' mismanagement, negligence, and unauthorized use of trust property**, the Trust has suffered:

   o Embarrassment, harm, and reputational damage due to the negligence of **Katy ISD and Sundown Elementary**.

   o **Monetary and non-monetary damages** due to the failure to properly safeguard trust assets.

## IV. CAUSES OF ACTION

## COUNT 1: VIOLATION OF TEXAS PENAL CODE § 32.45 (MISAPPLICATION OF FIDUCIARY PROPERTY)

10. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11. Under **Texas Penal Code § 32.45**, fiduciary property, including trust assets, must be properly safeguarded and cannot be misapplied or used without proper authorization.

12. **Katy ISD and Sundown Elementary** acted in bad faith by allowing unauthorized personnel to withdraw trust property, thus violating this statutory provision.

**Relevant Case Law:**

- **Meinhard v. Salmon, 249 N.Y. 458 (1928)**
  This case establishes the high standard of fiduciary duty that trustees and fiduciaries owe to trust property and its beneficiaries. The court emphasized that fiduciaries must act with the utmost loyalty and care. By failing to safeguard trust property, Defendants violated their fiduciary duty, similar to the breach identified in this case.

---

## COUNT 2: VIOLATION OF TEXAS PROPERTY CODE § 114.001 (DUTIES OF TRUSTEE AND BENEFICIARY RIGHTS)

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

14. Under **Texas Property Code § 114.001**, a trustee is entitled to the protection of trust assets and the right to ensure proper administration of the trust.

15. Defendants' unauthorized release of trust property infringed upon the Trustee's legal rights and caused undue harm to the Trust.

**Relevant Case Law:**

- **Beatty v. Guggenheim Exploration Co., 122 N.E. 378 (N.Y. 1919)**
  This case supports the imposition of a constructive trust as an equitable remedy for misappropriation of trust property. Defendants' actions warrant the application of similar remedies to ensure restitution and protection of trust assets.

---

## COUNT 3: VIOLATION OF TEXAS PROPERTY CODE § 114.031 (LIABILITY FOR BREACH OF TRUST DUTIES)

16. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

17. Under **Texas Property Code § 114.031**, a party responsible for causing damage to a trust by failing to uphold fiduciary duties may be held liable for damages.

18. Defendants failed in their duty to protect trust assets, making them liable for the losses sustained by the Trust.

## COUNT 4: VIOLATION OF TEXAS PROPERTY CODE § 114.008 (REMEDIES FOR BREACH OF TRUST)

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Under **Texas Property Code § 114.008**, the court may compel a party to remedy a breach of trust and award damages.

21. Plaintiff seeks full damages for Defendants' breaches and failures to protect trust assets.

## COUNT 5: VIOLATION OF TEXAS PENAL CODE § 42.01 (DISORDERLY CONDUCT)

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

23. Under **Texas Penal Code § 42.01**, acts that cause public inconvenience, alarm, or offense may constitute disorderly conduct.

24. Defendants' reckless handling of trust assets resulted in public embarrassment and harm to the Trust and its Trustee.

**Relevant Case Law:**

- **Estate of Giraldin, 290 P.3d 199 (Cal. 2012)**
  This case emphasizes the rights of trust beneficiaries and the duty of fiduciaries to act in the best interest of the trust. Defendants' failure to act diligently and responsibly in this case parallels the breach of fiduciary responsibility outlined in Giraldin.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compensatory damages** in the amount of **$200,000.00** for harm, embarrassment, and damages sustained by the Trust.

2. **An additional $50,000.00** in damages from Katy ISD for the grievance caused to the Trust.

3. **Injunctive relief,** ordering **Katy ISD and Sundown Elementary** to reform their policies and take appropriate measures to prevent future mishandling of trust property.

4. Any further relief this Court deems just and proper.

Respectfully submitted,

Sean D. Martin, Trustee
Sean Dwain Martin Living Trust (Irrevocable)
21040 Highland Knolls Dr Ste 200
Katy, Texas 77450